CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 5 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., <br><br> Plaintiff(s), <br><br> v. <br><br> NORTH AMERICAN VAN LINES, INC., <br><br> Defendant. | Civil Action No. 7:05-cv-00162 <br><br> **MEMORANDUM OPINION** <br><br> By: Hon. James C. Turk <br> Senior United States District Judge |

Plaintiffs Owner-Operator Independent Drivers Association, Inc. (OOIDA), and six truck owner-operators[1] bring this class action alleging violations of the federal Truth and Leasing regulations, 49 C.F.R. § 376, by defendant North American Van Lines, Inc. (NAVL), and are seeking damages and injunctive relief. This matter is before the court on defendant's May 13, 2005 motion to change venue. The defendant moves to have this action transferred to the Fort Wayne Division of the Northern District of Indiana for the convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a). The court heard oral argument on this motion on August 2, 2005. The court finds that this action should be transferred for the convenience of the parties and witnesses and in the interest of justice, and therefore grants defendant's motion to change venue.

I.

---

[1] Nelson Todd Myers, Bill Gordon, Jack Austin Jr. and Austin Transportation Co., Inc., George M. Pancoast III, Lawrence Joseph McMullen, and Roderick J. Boster are also named plaintiffs in this action with OOIDA. These six truck owner-operators are under lease by six separate independently owned agents of NAVL to transport household goods and other commodities on behalf of NAVL's customers.

The facts alleged in the parties' pleadings are as follows. OOIDA is a non-profit trade association incorporated and maintaining its principal place of business in Missiouri, and comprised of members who are "owner-operators,"– professional truck drivers and small fleet owners who own and operate heavy duty trucks. OOIDA has over 121,000 members residing in fifty states and in Canada; and brings this action in a representative capacity on behalf of the proposed class of owner-operators, which includes themselves and all similarly situated owner-operators. NAVL is a Delaware corporation with its headquarters in Fort Wayne, Indiana, that transports household goods and other commodities nationwide both directly and through independent authorized agents located throughout the country, including Fort Wayne.[2] NAVL provides transportation services to its customers by entering into leases with independent-contractor owner-operators and with its nationwide network of independently owned agent moving-and-storage companies. OOIDA and the remaining named plaintiffs claim that NAVL and its authorized agents deprived the proposed class of plaintiffs of various rights and benefits under the federal leasing regulations related to the absence of a written lease, compensation, insurance, escrow accounts and charge-backs for products, services and equipment as provided in 49 C.F.R. § 376, and claims that NAVL is liable to the plaintiffs for damages as a result of these violations pursuant to 49 U.S.C. § 14704(a)(2).

NAVL moves for a change of venue to the Fort Wayne Division of the Northern District of Indiana for the convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a). The parties argued the issues set forth in their pleadings and memoranda

---

[2]NAVL operates under the authority of the Federal Motor Carrier Safety Administration and provides interstate, and intrastate transportation services. The federal leasing regulations do not apply to intrastate services.

Case 7:05-cv-00162-JCT   Document 23   Filed 08/15/05   Page 2 of 8   Pageid#: 132

concerning this motion on August 2, 2005. NAVL argues that although venue in the Western District of Virginia is proper, a substantial part of the events stated in the plaintiffs' complaint did not occur in Virginia, but do have extensive connections to Fort Wayne, Indiana. For instance, NAVL states that the vast majority of documentary evidence relating to plaintiffs' claims and NAVL's defenses is located in Fort Wayne; that Indiana is the state of residence of a number of NAVL employees and other witnesses likely to testify at trial, while Virginia is the state of residence of only one named plaintiff who is likely to testify at trial; and that Fort Wayne is the situs of many of the events plaintiffs complain of in their pleadings, such as the calculation of compensation, processing of settlements, and handling of claims. Furthermore, NAVL argues that plaintiffs' complaint names only NAVL as a defendant and does not name any of NAVL's independent agents who are located throughout the country and whose actions plaintiffs state are directly related to the violations of the federal leasing regulations alleged in the complaint; that every load an owner-operator hauls for NAVL is registered in Fort Wayne, every contracting plaintiff is dispatched in Fort Wayne, and every settlement or claim arising out of a load hauled for NAVL is processed in Fort Wayne; and that with the exception of only one named plaintiff who resides in Virginia, the remaining named plaintiffs reside in various states which are closer to Fort Wayne than Virginia, and the proposed class resides in various states throughout the United States and Canada. Additionally, NAVL argues that the facts in this situation are similar to the facts in OOIDA v. C.R. England, Inc., 2002 WL 32831640 (E.D. Cal. 2002) (Slip Copy), where OOIDA had filed a class action against defendant motor carrier in California alleging violations of the federal leasing regulations by driver plaintiffs. In OOIDA v. C.R. England, Inc., the United States District Court for the Eastern District of California granted the defendant's

3

motion to transfer the putative class action to Salt Lake City, Utah pursuant to 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and the interests of justice because Utah was the headquarters of the defendant, all the operative events and business relationship were focused in Utah, much of the documentary evidence was located in Utah, an arbitration clause in the leasing agreements named Utah as the choice of forum, and because two similar lawsuits filed against OOIDA had previously been transferred to Utah. Id. at *4-13. NAVL concludes that for its reasons argued, and for the similar reasons set forth in OOIDA v. C.R. England, that maintaining this action in the forum of Virginia would pose a significant hardship on the defendant and this action should therefore be transferred to Fort Wayne pursuant to 28 U.S.C. § 1404(a).

The plaintiffs respond in opposition to NAVL's motion to transfer venue that the situs of material events in this action is not headquartered in Indiana, but as their complaint alleges and as effected through NAVL's agents, NAVL's violations of the federal leasing regulations injured the proposed class of plaintiffs throughout the country. Additionally, plaintiffs argue that plaintiff Myers is a resident of the Western District of Virginia and drives for one of NAVL's agents located in this district; therefore, this district has a strong interest in protecting the rights of resident Myers. Furthermore, plaintiffs argue that under myriad case law they are to be given substantial deference to their choice of forum where a plaintiff, as Myers, has filed an action in the district in which he resides, and therefore the location of certain non-party witnesses or inconvenience to the defendant does not warrant transfer of this action.[3] Finally, plaintiffs

---

[3]Plaintiffs cite myriad case law for the established proposition that a plaintiff's choice of forum is to be given substantial deference in this action. However, plaintiffs fail to persuasively address NAVL's argument that also under myriad case law, such as the rule articulated in Koster

4

contend that OOIDA v. C.R. England is not applicable to defendant's motion to change venue because that case can be factually distinguished from this action because in that action an arbitration clause in the plaintiffs' leasing agreements mandated Utah as the choice of forum for disputes arising out of the leasing relationship. Plaintiffs conclude that for their reasons argued, should the court grant NAVL's motion it would result in a rule which would limit suit against any large national corporation only to the district where it is headquartered.

## II.

NAVL contends that the court should transfer this action under 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id. Section 1404(a) was drafted in agreement with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the plaintiff's chosen venue is proper. See generally, Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 51 (1941). Although the plaintiff's choice of forum is to be given considerable deference by the court where that forum is also the district in which he resides and where a close nexus exists between that forum and the plaintiff's underlying claims, less deference is given to the plaintiff's choice of forum where that plaintiff represents a class. See e.g., Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947); Glamorgan Coal Corp. v. Ratners Group PLC, 854 F. Supp. 436, 437-438 (D. Va. 1993); Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Additionally, under § 1404(a), the court has discretion to grant a motion for change of venue on a individual "case-by-

---

v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947), this proposition is weakened considerably where there are hundreds of potential plaintiffs, such as in this class action.

5

case consideration of convenience and fairness" where the chosen forum in also proper. Van Dusen v. Barrack, 376 U.S. 612, 622 (1964). Such a case-by-case consideration of convenience and fairness requires the court to evaluate several factors before granting a defendant's motion to change venue, such as the respective parties contact with the forum state, the contacts relating to the plaintiff's cause of action in the chosen forum state, and the ease of access to documentary evidence and non-party witnesses. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-31 (1988) (affirming appellant court's reversal of district court's denial of defendant corporation's motion to change venue and listing nine different factors the court may weigh in consideration of convenience and fairness).

## III.

NAVL relies primarily on the court's holding in OOIDA v. C.R. England to support its motion to change venue from the Western District of Virginia to Fort Wayne, Indiana. 2002 WL 32831640 (E.D. Cal. 2002) (Slip Copy). In that case, OOIDA and a class of owner-operator drivers sued a nationwide motor carrier, C.R. England, for violations of the federal leasing regulations of 49 C.F.R. § 376. OOIDA filed suit in California, and C.R. England moved to have the case transferred to Salt Lake City, Utah, for convenience of the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a). C.R. England moved for a change of venue on grounds that its headquarters, the situs of all relevant events, the majority of its employee witnesses, the bulk of documentary evidence, and an arbitration clause in the leasing agreements that chose Salt Lake City as the choice of forum all weighed in favor of its argument that it would have been inconvenient for C.R. England to litigate that action in California. The court in that case held that the factors in that case supported C.R. England's motion to change

6

venue to Salt Lake City and granted its motion pursuant to § 1404(a). 2002 WL 32831640, *10-13.

The court finds persuasive NAVL's argument that this action is factually similar to OOIDA v. C.R. England. In the action before this court, plaintiffs' contend that the one factual difference between this action and OOIDA v. C.R. England was the presence of an arbitration clause in the leasing agreements that named Salt Lake City as the choice of forum, and that this factual distinction was the crux for the court's decision to grant C.R. England's motion in that case. The court finds the plaintiffs' argument erroneous. The court's holding in OOIDA v. C.R. England did not hinge on one single factor, nor did it hinge heavily on the fact that an arbitration clause was present in the leasing agreements. Instead, that court discussed numerous factors of convenience and fairness under § 1404(a) and concluded that "the factors of the state most familiar with the governing law, the location of events and execution of documents, the convenience of the parties, the convenience of the witnesses, the access to evidence, consolidation with other claims, local interest in the controversy, and relative court congestion all weigh in favor of transfer of venue to Utah." 2002 WL 32831640, *13. In fact, that court does not even refer to the arbitration clause as one of its primary bases for its decision to grant C.R. England's motion to change venue.

Similar to OOIDA v. C.R. England, the proposed class of plaintiffs in the action presently before this court reside in various states across the country, and as owner-operator drivers, travel continuously across the country; however, NAVL's employee witnesses and other non-party witnesses either reside in Indiana or in a state that is closer to Indiana than to Virginia. See e.g., Koster, 330 U.S. at 524; Van Dusen, 376 U.S. at 622. Additionally, NAVL is

7

headquartered in Fort Wayne, Indiana, which is also the site of the majority of evidence relevant to the plaintiffs' claims. See e.g., Stewart, 487 U.S. at 29-31. Furthermore, the contacts relating to the plaintiffs' cause of action concerning violations of the federal leasing regulations, such as the calculation of compensation, processing of settlements, and handling of claims all occurred in Fort Wayne. See e.g., Glamorgan, 854 F. Supp. at 437- 438; Belzberg, 834 F.2d at 739. Moreover, because none of NAVL's agents are named as defendants in the complaint, and because there is no connection to the harm alleged in the complaint to the chosen forum of Virginia beyond the mere fact that only one named plaintiff resides in the Western District of Virginia, the court finds that Indiana has a greater factual connection to the underlying dispute. See e.g., Stewart, 487 U.S. at 29-31; C.R. England, 2002 WL 32831640, *13. The sum of all these combined factors shows that it would be substantially inconvenient for NAVL to be forced to litigate this action in the plaintiffs' chosen forum of Virginia. Therefore, for the convenience of the parties and witnesses and in the interests of justice, the court will grant NAVL's motion to change venue pursuant to 28 U.S.C. § 1404(a).

## IV.

For the reasons states, the court grants NAVL's motion to change venue.

**ENTER:** This  15th  day of August, 2005.

SENIOR UNITED STATES DISTRICT JUDGE

8